UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
IN RE: GERARD D. GRANDOIT,          )   M.B.D. No.
                                    )   17-mc-91245-FDS
            Movant.                 )
_____)

_____
                                    )
IN RE: GERARD D. GRANDOIT,          )   M.B.D. No.
                                    )   17-mc-91246-FDS
            Movant.                 )
_____)

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons set forth below, the motions of Gerard D. Grandoit for permission to file new lawsuits are denied and the clerk will be directed to enter orders dismissing these matters.

**I.     Background**

Gerard D. Grandoit has been found by two judges of this court to be an abusive litigant.[1] As a result, he has been enjoined from filing civil actions in this court without first obtaining permission from a judicial officer.

Grandoit submitted letters seeking permission to file separate lawsuits against the Milton Housing Authority (17-mc-91245-FDS) and the Boston Housing Authority (17-mc-91246). Grandoit's letters were entered on their respective electronic dockets as motions for permission to file a new lawsuit. *See* Docket No. 1 (Plaintiff's "Motion"). Attached to each motion are (1)

---

[1] *See* Judge Stearns' Memorandum and Order in *Grandoit v. Staples*, C.A. No. 10-10299-RGS (Dec. 6, 2011) (the "December 2011 Order"); and Judge Saris' Memorandum and Order in *In RE: Petition to File by Enjoined Litigant Gerard D. Grandoit*, M.B.D. No. 15-mc-91226-PBS (May 4, 2015) (the "May 2015 Order").

copies of Judge Stearns's December 2011 Order and (2) motions seeking to have the court delay the processing of adjudicating these cases. *Id.* In addition, Grandoit submitted dozens of bound documents in each action. The clerk was unable to scan the bound documents onto the electronic docket.

Grandoit subsequently filed the following two documents in 17-mc-91246: (1) a proposed complaint against the Boston Housing Authority and (2) an Application to Proceed Without Prepayment of Fees and Affidavit.

## II.     Discussion

In order for Grandoit to obtain approval for filing a civil action in this court, he must comply with Judge Saris's May 2015 Order. *See In re: Petition to File by Enjoined Litigant Gerard D. Grandoit*, M.B.D. No. 15-mc-91226-PBS (May 4, 2015). The May 2015 Order requires Grandoit to "file a written petition together with the proposed complaint and papers sought to be filed." *Id.* at p. 2. The May 2015 Order also requires Grandoit to "certify under oath that there is a good-faith basis for their filing." *Id.*

As an initial matter, Grandoit failed to attach copies of the May 2015 Order. And he has failed to certify under oath that there is a good-faith basis for instituting these two new actions.

Even if Grandoit had complied with the May 2015 Order, this Court would have difficulty evaluating his proposed "complaints" because they consist of dozens of separately bound documents. Moreover, it is unclear whether the subsequent complaint and fee-waiver application that were filed in M.B.D. No. 17-91246 are supplemental pleadings. Under these circumstances, the clerk will not be directed to open either of these cases as a new civil action.

## III.    Conclusion

For the foregoing reasons, the motions for permission to file new lawsuits are denied and

the clerk is directed to enter orders dismissing these miscellaneous business docket cases.

**So Ordered.**

Dated: February 28, 2018

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge